■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELMO WALTERS, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered March 8, 1983, convicting defendant after a jury trial of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of from eight years to life imprisonment to run consecutively to a previously imposed sentence of 20 years to life, unanimously modified, on the law, on the facts, and as a matter of discretion in the interest of justice, to provide that the sentence of eight years to life imprisonment run concurrently with the previously imposed sentence, and otherwise affirmed.

Order, Supreme Court, Bronx County (Harold Silverman, J.), entered January 18, 1985, which denied without a hearing defendant's motion pursuant to CPL 440.10 to vacate the

judgment of conviction on the claim of ineffective assistance of counsel, is unanimously affirmed.

We are unable to discern in this record sufficient justification for that aspect of the judgment appealed from which, in imposing a sentence of eight years to life imprisonment, required that sentence to run consecutively to a sentence of 20 years to life previously imposed on this 44-year-old defendant after his conviction for an offense closely related in time, place and circumstances to the offense that led to the instant conviction. In the usual situation, the defendant would have been tried on both indictments in the same trial and the sentences imposed on his conviction would almost certainly have been concurrent. The idiosyncratic circumstances that led to a severance of the two indictments, and then to two separate trials because of the defendant's assertion of innocence to both charges, do not seem to us to justify the imposition of a consecutive sentence on the second tried case where the sentence imposed after the first trial was 20 years to life and clearly represented adequate punishment for the defendant's criminal behavior.

We find no merit to defendant's further claim that the evidence did not establish his guilt beyond a reasonable doubt. Nor do we see any error in the trial court's judgment that defendant's motion for a new trial based upon the alleged inadequacy of trial counsel lacked merit and did not present factual issues requiring a hearing. Concur—Sandler, J. P., Sullivan, Lynch, Milonas and Rosenberger, JJ.